50377, 50378, 50379. KNIGHT et al. v.
DEPARTMENT OF TRANSPORTATION (three cases).

Argued February 26, 1975 — Decided March 19, 1975.

*Warren W. Wills, Jr., Greene, Greene, Smith & Davenport, C. Ray Greene, Jr., Eugene G. Peek, III,* for appellants.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, Marion O. Gordon, William C. Joy, Assistant Attorneys General, Thurman E. Duncan, Deputy Assistant Attorney General,* for appellee.

DEEN, Presiding Judge.

■ Code Ann. § 95A-610 provides: "If the owner, or any of the owners, or any person having a claim against or interest in said property, shall be dissatisfied with the compensation as estimated in the declaration of taking and deposited in court, as provided for in § 95A-605, such person or persons, or any of them shall have the right, at any time subsequent to the filing of declaration and the deposit of the fund into the court but not later than 30 days following the date of service as provided for in § 95A-606,

to file with the court a notice of appeal, the same to be in writing and made a part of the record in the proceedings."

This is a case where both sides are insisting on the exact letter of the law, as is their privilege, and this opinion will attempt to reply to each contention urged. The fact that the responsive pleading was first denominated an "answer" and later amended to be styled a "notice of appeal" is of no consequence. *Girtman v. Girtman,* 191 Ga. 173 (11 SE2d 782).

The condemnor complied with Code Ann. § 95A-606 (g) requiring that it shall "in all instances and in addition to the service hereinbefore provided for" post a copy of the proceedings on the bulletin board and advertise it once a week for two weeks; this is necessary but is obviously no substitute for "the service hereinbefore provided for" and is intended to be in addition to it, and the date of posting can in no event be taken as the date of service.

The Code section distinctly provides that the right to an appeal to a jury on the question of value exists only if it is filed "not later than 30 days following the date of the service as provided for in § 95A-606." According to this record, service was never perfected on W. T. Knight, Sr. in case no. 1233; it was never perfected on any party to the record in case no. 1234, and in case no. 1232 it was not made on either W. T. Knight, Jr. or Thomas R. Knight until after March 18 and was never perfected on Mrs. Welborn at all. As to her and Thomas R. Knight we know that the clerk of court mailed registered letters to them, but we do not know what was in the letters and she has failed to make a return as required by the statute or in any way to certify that a copy of the petition and declaration of taking were sent to these people. "In the absence of any return of service . . . the court has no jurisdiction to render a valid judgment. . . where there is no true return the fact that service was in fact made according to law will not validate the judgment." *Elliott v. Porch,* 59 Ga. App. 181 (200 SE 190). See also *Petty v. Complete Auto Transit,* 215 Ga. 66 (108 SE2d 697).

As we understand the state's brief, its contention is that since if one relies on lack of service to avoid a judgment he must raise the issue of lack of service properly, we should assume that these defendants were

all properly served. Not only this, we should assume that they were served on February 6 or thereabouts, and from this additional assumption we should reach the conclusion that, having been served around February 6, and not having appealed until March 18, their answer was filed too late. In reply we can only say that the statute requires the notice of appeal to be filed not later than 30 days after the date of service *as provided for by the statute.* The condemnees have a perfect right to waive service and come on in, which many of them did, but until they are properly served, and unless the record shows this fact by a proper return of service, the right remains until it is voluntarily waived. Here the waiver and the appeal are one and the same.

It follows that there is no return of service from which the time limitation can be figured in case no. 1232 as to W. T. Knight, Jr., Thomas R. Knight, and Mrs. Welborn. There is no return in case no. 1233 on W. T. Knight, Sr., and none on any party in case no. 1234.

■ What is the effect of this ruling on the progress of the cases? Do only the joint owners who were not served have a right to participate in the jury trials on the issue of value, or are the joint appellants jointly entitled to a trial? Code Ann. § 95A-610 provides that the owner, *or any of the owners,* or *any person having a claim against the property* may file the appeal. It does not limit the appellants to those chosen and named by the *condemnor* as the owners. Code Ann. § 95A-612 stipulates that "after the notice of appeal has been filed. . . it shall be the duty of the court. . . to cause an issue to be made and tried by a jury as to the value of the property taken and the consequential damages." It does not inhere in this legal structure to fragment the case at the moment when the issue of value is being reciprocally considered for the first time. The constitutional requirements have been frequently stated: The condemnee is entitled to just and adequate compensation. The proceeding is in rem; it is the value of the land which is in issue. Until those named by the state have been served, or a proper reason for lack of service has been shown, the case is not ready for trial. Therefore, all parties at interest have a right if they so desire to particpate as appellants in the jury trial.

It follows that the grant of the motion to dismiss the appeal was error in each case.

*Judgment reversed. Evans and Stolz, JJ., concur.*