53132. DEPARTMENT OF TRANSPORTATION v.
MASSENGALE et al.
53187. MAYS v. DEPARTMENT OF
TRANSPORTATION.

QUILLIAN, Presiding Judge.

On September 9, 1975, the Department of Transportation filed a condemnation proceeding pursuant to Code Ann. Ch. 95A-6 (Ga. L. 1973, pp. 947—1006 et seq.) against .004 acres of land, Sallie Mae Massengale, and Robert Mays. Massengale was the fee simple owner of the property and Mays had a potential leasehold interest therein. As per Code Ann. § 95A-606 (Ga. L. 1973, pp. 947, 1011), the petition and declaration of taking were personally served upon Massengale and Mays on September 11, 1975. Mays filed an appeal to the Clayton Superior Court on October 20, 1975.

On November 19, 1975, condemnor, Department of Transportation, filed a motion to dismiss the appeal by condemnee Mays on the ground that condemnee failed to file his appeal within thirty days as required by Code Ann. § 95A-610 (Ga. L. 1973, pp. 947, 1017). By order of the trial judge dated December 3, 1975, condemnor's motion to dismiss the appeal for a jury trial filed by condemnee was overruled. Thereafter, a certificate of immediate review was granted by the trial court, and this court granted condemnor's application for an interlocutory appeal. *Held:*

1. Code § 95A-610 "distinctly provides that the right to an appeal to a jury on the question of value exists only if it is filed 'not later than 30 days following the date of the service as provided for in § 95A-606.'" *Knight v. Dept. of Transportation,* 134 Ga. App. 332, 335 (214 SE2d 418).

Here there was personal service upon both Massengale and Mays on September 11, 1975 and the appeal was not filed until October 20, 1975, more than 30 days thereafter. Moreover, contrary to condemnee Mays' contentions the summons issued by the clerk was not defective so as to void the proceedings but was in substantial compliance with the law (see Code Ann. § 81A-104 (b) (Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968, p. 1036; 1968, pp. 1104, 1105; 1969, p. 487;

1972, pp. 689—692), and Code Ann. § 81A-301 (Ga. L. 1966, pp. 609, 671)), and particularly applicable to the instant proceedings under Code Ann. Ch. 95A-6.

It was therefore error to overrule the condemnor's motion to dismiss.

2. In view of the ruling above made any issue raised by the cross appeal is nugatory and moot.

*Judgment reversed in 53132; appeal dismissed in 53187. Stolz and Shulman, JJ., concur.*

SUBMITTED JANUARY 10, 1977 — DECIDED JANUARY 24, 1977.

*Oliver & Duckworth, G. Robert Oliver,* for Department of Transportation.

*Preston L. Holland,* for appellees (case no. 53132) and for appellant (case no. 53187).