54738. DEPARTMENT OF TRANSPORTATION v. BROOKS et al.

54739. DEPARTMENT OF TRANSPORTATION v. HARRIS et al.

54740. DEPARTMENT OF TRANSPORTATION v. ANSLEY et al.

54741. DEPARTMENT OF TRANSPORTATION v. FERGUSON et al.

54742. DEPARTMENT OF TRANSPORTATION v. FORRESTER et al.

54743. DEPARTMENT OF TRANSPORTATION v. IRWIN et al.

DEEN, Presiding Judge.

1. The issue in these condemnation cases, on which interlocutory appeal has been granted, is the construction

of Code § 95A-610 relating to the time of filing the notice of appeal to a jury on the question of value as estimated in the condemnor's declaration of taking. Code § 95A-610 provides that the notice be filed "not later than 30 days following the date of the service as provided for in section 95A-606." That section relates to service of the condemnor's petition and declaration of taking. Subsections (a) through (f) specify methods of personal service under various circumstances. Subsection (h) relates to service of nonresidents by advertising or mail. Subsection (g), the provision causing the difficulty here, states that in "all instances, and in addition to the service hereinbefore provided, the condemnor shall, at the time of filing the petition and declaration of taking, cause a copy of such proceedings to be posted on the bulletin board at the courthouse" and also "such notice shall be published in said newspaper once each week for two weeks subsequent to the filing of such petition and declaration." It is obvious that if a defendant is served on, say, the fifth day after filing, and at the same time publication is ordered, thirty days from the service of the appeal will be considerably in advance of 30 days from the last publication. Thus, if the 30-day period for appeal is to be counted from the time of personal service, anything beyond that, although in fact less than 30 days from the completion of advertising, will be too late. If, on the other hand, advertisement must be completed in order to perfect service, the appeal will be in time. In each of the cases here considered the appeal was filed more than 30 days from the date of personal service, although less than 30 days from the completion of advertising, and the trial court held that in each case the appeal was timely.

Several recent cases of this court have reiterated that the notice of appeal to the jury must be filed "not later than 30 days after service." See *Knight v. Dept. of Transportation,* 134 Ga. App. 332, 334 (214 SE2d 418); *Dept. of Transportation v. Massengale,* 141 Ga. App. 70 (1) (232 SE2d 608); *McClure v. Dept. of Transportation,* 140 Ga. App. 564 (1) (231 SE2d 532). The cases in referring to service are all obviously concerned with personal service upon the named condemnee, but one of them deals in terms with subsection (g), which requires notice by

posting and advertisement "in addition to the service hereinbefore provided" by subsections (a) through (f). In other words, the decided cases have assumed without written analysis that the 30-day provision refers only to that period following personal service on the condemnee as shown by the return of service. Since condemnees may be served at different times, such a conclusion gives each an equal time in which to give notice of the intention to appeal to a jury. It also sets a limit on that time, which would not occur if any litigant could have until 30 days after the last publication "subsequent to the filing of such petition," no other time limit being set in (g). One who has been personally served does not need further notice through posting or advertisement. On the other hand, it may be the only possible way of giving notice to persons not named in the proceeding and unknown to the parties, who may nevertheless have an interest in the value of the land taken. The construction which has been placed on Code § 95A-610 by the court in the cases cited is obviously correct. This section was enacted by Ga. L. 1973, pp. 947, 1011, which repealed the former Code § 36-1310. That section required an appeal to a jury to be taken within 15 days from the date of the last advertisement; accordingly, it appears that the change in time scheme was purposefully made. The appellees here failed to file a notice of appeal to a jury within 30 days from the date of service, and accordingly all appeals came too late.

2. In case 54743 it is contended that one of the named condemnees, Martin Irwin, was not personally served. The appeal shows the condemnee's true name to be Marvin Irwin and states that he has not been properly served. The appearance, however, constitutes a waiver of service, and the appellees do not contend that the word "Martin" is not a typographical error, as it appears to be. Under the circumstances, the error is immaterial.

The trial court erred in refusing to dismiss the appeals in the above styled cases.

*Judgment reversed. Webb and Birdsong, JJ., concur.*

ARGUED OCTOBER 6, 1977 — DECIDED OCTOBER 26, 1977 — REHEARING DENIED NOVEMBER 15, 1977 —

Gross, Stowe & Shepherd, Millard B. Shepherd, Jr., Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General, for appellant.

Oliver & Oliver, Robert F. Oliver, for appellees.

Maylon K. London, for Irwin et al.