56005, 56006, 56007, 56008, 56009, 56010.
DEPARTMENT OF TRANSPORTATION v.
RUDESEAL; and vice versa (six cases).

BANKE, Judge.

These appeals are from judgments rendered in two condemnation cases. Both petitions were filed on December 7, 1976, and personal service was made on the two condemnees over the following 2-day period. Apparently because of an agreement with counsel for the Department of Transportation, neither condemnee filed a notice of appeal from the department's declaration of taking until February 9, 1977, which in each case was more than 30 days after he had received personal service of the petition. The department moved to dismiss both appeals on the ground that the notices were not timely filed. See Code Ann. § 95A-610 (Ga. L. 1973, pp. 947, 1017); *Dept. of Transp. v. Brooks,* 143 Ga. App. 872 (240 SE2d 163) (1977). These motions were denied, both cases proceeded to trial, and both trials resulted in jury verdicts in excess of the amount which the department had deposited into the registry of the court as its assessment of just and adequate compensation.

On August 19, 1977, the department filed a motion for new trial in each case; and on August 31, 1977, each condemnee also filed a motion for new trial. In addition, on November 3, 1977, the department moved to set aside the judgment in each case on the ground that the original notices of appeal filed on February 9, 1977, were untimely. These motions to set aside were denied on November 17, 1977. The department dismissed both its motions for new trial on November 22, 1977; and on November 30, 1977, it filed notices of appeal to this court from the denial of the motions to set aside. However, at that time the condemnees' motions for new trial were still pending; they were not denied until December 19, 1977. For this reason the condemnees have moved to dismiss the department's appeals to this court. *Held:*

1. The condemnees' motions to dismiss the depart-

ment's appeals are granted. "A notice of appeal from the judgment, filed while a motion for new trial is pending, and unaccompanied by a proper certificate for immediate review, confers no jurisdiction in the appellate court and results in a dismissal of the appeal. (Cits.) . . . The appeal is not brought to maturity or perfected by the subsequent overruling of the motion for new trial. (Cits.)" *Home Ins. Co. v. Fort Valley Mills, Inc.,* 132 Ga. App. 15, 16 (207 SE2d 590) (1974). Accord, *Mills v. State,* 233 Ga. 494 (212 SE2d 336) (1975); *Taylor v. State,* 134 Ga. App. 9 (213 SE2d 162) (1975).

2. Each condemnee appeals the denial of his motion for new trial, enumerating as error both the trial court's failure to open the "default" created by his failure to file a timely notice of appeal from the department's original declaration of taking and the court's failure to construe a letter from their attorney to the department's attorney as a valid notice of appeal. However, neither of these cases was dismissed for failure to file a timely notice of appeal from the department's declaration of taking, but both proceeded to trial and to verdicts on the merits. Therefore, the issues raised by these enumerations of error are moot.

3. The condemnees also contend that the trial judge erred in allowing the jury to fix the amount of attorney fees to be awarded rather than doing so himself. This contention creates a rather unusual situation. On the one hand, it is clear that the action of the trial court did constitute error. It is the duty of the jury only to recommend *whether* attorney fees and reasonable expenses of litigation should be awarded; it is then up to the trial judge himself to "make a determination, based on the submitted evidence, of the *amount* of such recommended damages. . ." *White v. Ga. Power Co.,* 237 Ga. 341, 343-344 (227 SE2d 385) (1976). (Emphasis supplied.) On the other hand, the record in each case shows on its face that the condemnees were not entitled to any attorney fees at all because their failure to file timely notices from the department's original declarations of taking rendered all subsequent proceedings in the cases a nullity. See Code Ann. § 95A-610 (Ga. L. 1973, pp. 947, 1017); *McClure v. Dept. of Transp.,* 140 Ga. App. 564 (1) (231 SE2d 532) (1976); *Dept. of Transp. v. Massengale,* 141

Ga. App. 70 (232 SE2d 608) (1977); *Dept. of Transp. v. Brooks,* 143 Ga. App. 872 (1) (240 SE2d 163) (1977). Accord, *Salter v. Chatham County,* 136 Ga. App. 914 (2) (222 SE2d 638) (1975).

Although we have ruled in Division 1, supra, that we are without jurisdiction *at this time* to entertain an attack on the judgments based on this defect, nevertheless, the above authorities make it clear that the condemnees were not entitled to a trial on the issue of compensation in the first place. Thus, they could not have been harmed by the manner in which attorney fees were awarded, and the enumerations of error going to this issue demonstrate no ground for reversal.

4. The condemnees' motion for assessment of penalties against the department for filing a frivolous appeal is denied.

*Appeal dismissed in Cases Nos. 56005, 56008. Judgments affirmed in Cases Nos. 56006, 56007, 56009, 56010. Deen, P. J., and Smith, J., concur.*

ARGUED JUNE 6, 1978 — DECIDED OCTOBER 12, 1978 — REHEARING DENIED NOVEMBER 22, 1978 —

*Millard B. Shepherd, Jr., Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General,* for Department of Transportation.
*Douglas W. McDonald,* for Rudeseal.