## 58850. DEPARTMENT OF TRANSPORTATION v. PALMER et al.

DEEN, Chief Judge.

On April 17, 1978, appellant filed and served a petition of condemnation pursuant to Code Ann. § 95A-601 et seq. Palmer· and Douglas Credit Association filed a notice of appeal expressing dissatisfaction with the compensation on May 24, 1978. The Department of Transportation filed a motion to dismiss the appeal, but the motion was denied and the trial court issued a certificate for immediate review. This court granted the interlocutory appeal. *Held:*

The trial court held that it was exercising its discretion in ·denying the motion. It distinguished *McClure v. Dept. of Transp.,* 140 Ga. App. 564 (231 SE2d 532) (1976) and *Department of Transp. v. Massengale,* 141 Ga. App. 70 (232 SE2d 608) (1956) (which held that the thirty-day period under § 95A-610 could not be extended), as cases not involving an ambiguous or insufficient service of process and that appellees were misled in good faith as to the date for filing an appeal by a handwritten date on the petition which set a rule nisi hearing on May 22, 1978. The court noted "[it] was placed in an untenable position because the period allotted for appeal had already expired at the time of the possession hearing. In essence. the situation made a mockery of the possession nisi because the right to appeal was forfeited prior to the hearing. This court is not free from blame since its scheduling caused a

situation in which a reasonable person would infer that he could appeal either during or after the possession hearing. Here, the court permitted its scheduling to effectively cut off the thirty-day appeal period prior to the possession hearing."

The portion of the petition that was held to be ambiguous by the trial court reads as follows: "In accordance with the provisions of said Act, the Plaintiff-Condemnor has prayed the court for immediate possession of said property, and all persons having any interest in or claim against such property, as above set forth, are required by the order of the judge of said court, made and filed in said case on the 17th day of April, 1978, to show cause before such Judge at Toombs County Courthouse on the 22nd day of May 1978, at 2 o'clock p.m., why such prayers for immediate possession should not be granted." While we might agree with the trial court that the notice was ambiguous if this paragraph were the only notice to the defendant as to his right of appeal, the next paragraph reads: "That in accordance with Ga. Laws 1973, pp. 959, 1017-1023, as amended, if the owner, or any of the owners, or any person having a claim against or interest in said property, shall be dissatisfied with the compensation, as estimated in the Declaration of Taking and deposited in Court, such person or persons, or any of them, shall have the right, at any time subsequent to the filing of the Declaration and the deposit of the fund into court but not later than 30 days following the date of service as provided for in Section 95A-606, to file with the court a notice of appeal, the same to be in writing and made a part of the record in the proceedings."

In examining the above paragraphs, it is clear that they are intended to notify the defendants of their rights under both Code Ann. § 95A-608 (which provides for surrender of possession) and Code Ann. § 95A-610 (which provides a method of appeal when the condemnee is dissatisfied with the compensation offered). Under these provisions of the Code, the taking hearing, as provided in § 95A-608, is a right that is separate and apart from an appeal from the offered compensation as provided in § 95A-610. The scheduling of the possession hearing after the time for appeal has run under § 95A-610 does not in

any way affect the right of appeal under that Code section. Section 95A-608 expressly provides that "the court shall have the power to fix the time . . . not later than 60 days from the filing of the declaration of taking . . ." Section 95A-610 provides that an appeal from the proposed compensation must be filed within thirty days after the petition is served.

After examining the notice paragraphs contained in the petition, we find that they give the defendants adequate notice of their right of appeal and that the trial court erred in holding that they were ambiguous and constituted insufficient service of process. The trial court does not have any discretionary right to extend the time for filing an appeal based on dissatisfaction with the compensation. *McClure v. Dept. of Transp.* supra; *Dept. of Transp. v. Massengale,* supra.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED NOVEMBER 5, 1979 — DECIDED NOVEMBER 30, 1979.

*Bruce V. Durden, Hugh B. McNatt, Arthur K. Bolton, Attorney General,* for appellant.
*Charles H. Andrew,* for appellees.