## 59495. DEPARTMENT OF TRANSPORTATION v. HARRISON et al.

DEEN, Chief Judge.

An interlocutory appeal has been granted to review an order of the Superior Court of Camden County which denied the Department of Transportation's motion to dismiss appellees' "response" to appellant's declaration of taking. *Held:*

Appellant filed its declaration of taking against certain real property on April 26, 1979, and it was served on Kenneth L. Harrison, Jean P. Harrison, C. S. Edwards, and James Larry King. A hearing date was set for June 26, 1979, the notice was posted at the courthouse, and it was published in a local newspaper on May 3 and May 10, 1979. Mrs. Nancy W. King apparently appeared at the hearing and laid claim to the property contending that she held title to the property under a warranty deed dated May 7, 1979, and recorded May 17, 1979. On her motion, the trial court rescheduled the hearing for July 10, 1979. No transcript of the June 26, 1979, hearing appears in the record. On July 5, 1979, she filed a "response" to appellant's declaration of taking contending that she was the sole owner of the property, entitled to receive all compensation paid for the land, and sought a jury trial on the issue of compensation.

Clearly Mrs. King's "response" is an appeal. Code Ann. § 95A-610 makes it incumbent upon a dissatisfied condemnee to file notice of appeal within thirty days after service of notice. *Dept. of Transp. v. Brooks,* 143 Ga. App. 872 (240 SE2d 163) (1977); *Dept. of Transp. v. Massengale,* 141 Ga. App. 70 (232 SE2d 608) (1977); *Knight v. Dept. of Transp.,* 134 Ga. App. 332 (214 SE2d 418) (1975). Code Ann § 95A-606 provides: "Upon the filing of the petition and declaration, the same shall be served in the following manner: (a) Where the owner or owners of such property, or any person having a claim against or interest in the same, are residents of this State, the petition and declaration shall be served upon such persons personally and, in cases where such persons are residents of the State but not of the county in which such property is located, such

service shall be by second original, as in other cases; . . .(g) In all instances, and in addition to the service hereinbefore provided for, the condemnor shall, at the time of filing the petition and declaration of taking, cause a copy of such proceedings to be posted on the bulletin board at the courthouse; and, in addition thereto, such advertisement shall be published in the official newspaper of the county in which such property is located, which notice shall describe the property taken, so as to identify the same, and shall give the name or names of the owners of such property, or persons having an interest in or claims against such property, so far as the same may be known, and such notice shall be published in said newspaper once each week for two weeks subsequent to the filing of such petition and declaration." At the time of filing the declaration of taking and service upon the owners of record, the Department of Transportation was not required to personally serve Mrs. King because she was not an owner of record and her interest was unknown to the condemnee at the time the condemnation petition was filed. Therefore, service by publication was sufficient. Code Ann. § 95A-605 (b) provides that upon the filing of the declaration of taking and deposit into the court of the sum of money estimated in the declaration as just compensation, "title to said land in fee simple absolute, or such lesser interest as is specified in said declaration, shall vest in the condemnor and said land shall be deemed to be condemned and taken for the use of the condemnor; and the right to just compensation for the same shall vest in the persons entitled thereto." As the record shows that the condemnor complied with the statutory requirements, title vested in the Department of Transportation and an attempted conveyance to appellee after that date did not pass title or give appellee a right to compensation from the condemnor. Appellee's reliance upon *Knight v. Dept. of Transp.*, supra, is misplaced. In that case, a property owner with an interest existing at the time the petition was filed had not been served.

Appellee's contention that she was entitled to file her appeal up to and including the date required by the statute for determination of the time of possession is without merit. Code Ann. § 95A-608 provides: "Upon the filing of a declaration of taking, the court shall have power to fix the time, the same to be not later than 60 days from the date of filing of the declaration of taking, as provided in section 95A-605, within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioner. . ." This Code section applies only to possession. The time for filing a notice of appeal is contained in § 95A-610 and is controlling in all cases where an appeal is desired.

The advertisement contained a clear statement as to the right of appeal and the time allowed for an appeal.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

ARGUED FEBRUARY 7, 1980 — DECIDED MARCH 21, 1980 —

*J. Thomas Whelchel,* for appellant.
*Robert W. Harrison, Jr.,* for appellees.