60827, 60828. DEPARTMENT OF TRANSPORTATION v. RUDESEAL (two cases).

BANKE, Judge.

This is the second appearance of these two condemnation cases before this court. The department initiated each case by filing a declaration of taking pursuant to Code Ann. §§ 95A-605 et seq., and the condemnees responded by filing notices of appeal to the superior court on the issue of compensation. The department moved to dismiss both appeals on the ground that the notices had not been timely filed pursuant to Code Ann. § 95A-610. The trial court denied the motions on the basis of a determination that the condemnees had 30 days from the date of the last advertisement in which to appeal to the superior court, rather than 30 days from the date of personal service. (These rulings later proved to be erroneous in light of this

court's holding in *D. O. T. v. Brooks,* 143 Ga. App. 872 (1) (240 SE2d 163) (1977) to the effect that the time for filing the notice of appeal begins to run from the date of personal service of the declaration of taking.) The cases accordingly proceeded to trial, and each resulted in a jury verdict favorable to the condemnee.

Both the department and the condemnees filed motions for new trial, the department reasserting that the motions to dismiss should have been granted and the condemnees contending that the trial court had erred in permitting the jury to award attorney fees rather than doing so itself. The department also filed motions to set aside the judgments, raising yet again the contention that the notices of appeal had not been timely filed. While each side's motions for new trial were still pending, the trial court denied the department's motions to set aside. The department thereupon dismissed its motions for new trial and filed direct appeals to this court from the denials of the motions to set aside. The condemnees' motions for new trial were subsequently denied, and they also filed notices of appeal to this court.

Our decision on this first set of appeals is reported in *D. O. T. v. Rudeseal,* 148 Ga. App. 179 (251 SE2d 11) (1978). In Division 1 of that opinion, we held that because the department had filed its appeals while the cases were still pending in the lower court, we had no jurisdiction to rule on them. In Division 3, however, we held that the condemnees had no standing to contest the manner in which attorney fees had been awarded because their failure to file timely appeals to the trial court from the original declarations of taking had deprived the trial court of jurisdiction to entertain the cases in the first place. We thus affirmed the judgments of the trial court denying the condemnees' motions for new trial.

Upon remittitur of the records to the trial court, the department again moved to set the judgments aside, based on the language in Division 3 of our decision to the effect that all the proceedings in the trial court had been a nullity. The trial court denied the motions, and the department again appealed to this court. The condemnees argue that the department's failure to file timely notices of appeal from the denials of the original motions to set aside precludes further attack on the judgments. *Held:*

1. "[A] judgment is void on its face when there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed." *Wasden v. Rusco Indus., Inc.,* 233 Ga. 439, 444 (211 SE2d 733) (1975). Where a judgment is void on its face, it is "a mere nullity and has no vital force under any consideration or at any time. There is no

presumption of validity. Since this is true, such a judgment may be attacked in any court and by anybody whenever it becomes necessary. Nothing can occur which will give the judgment life, and even if an execution has been issued upon it, it may still be attacked. Statutes of limitation have no application to this class of judgments, and there can be no bar, estoppel or limitation as to the time when a void judgment may be attacked." Leverett, Hall, Christopher, Davis and Shulman, Georgia Procedure and Practice (1957), § 21-4, p. 453, as quoted from *Wasden v. Rusco Indus., Inc.,* supra, at 445.

The right to appeal to a jury from a declaration of taking has been held to be absolutely conditional upon the filing of a timely notice of appeal in the superior court. *Knight v. D. O. T.,* 134 Ga. App. 332, 335 (214 SE2d 418) (1975); *D. O. T. v. Massengale,* 141 Ga. App. 70 (232 SE2d 608) (1977); *D. O. T. v. Harrison,* 154 Ga. App. 118 (267 SE2d 651) (1980). Not even the trial court is empowered to extend the period of time for filing the notice of appeal. *McClure v. D. O. T.,* 140 Ga. App. 564 (231 SE2d 532) (1976). Thus, we must conclude that the condemnees' failure to file timely notices of appeal in this case from the original declarations of taking was a non-amendable defect appearing on the face of the records, rendering the final judgments void on their face. Since the judgments are void on their face, the department's failure to perfect appeals from the denials of. the previous motions to set them aside did not preclude subsequent attack on them. Accordingly, the second round of motions to set aside should have been granted.

2. The condemnees cite *Johnson v. Johnson,* 230 Ga. 204 (196 SE2d 394) (1973), as authority for the proposition that where the parties to a case have "conceded and confirmed" the jurisdiction of the court, and the court has rendered a final judgment, they cannot thereafter attack the judgment as being void for lack of jurisdiction. That case is inapposite for two reasons. In the first place, the appellant here never conceded and confirmed the trial court's jurisdiction to try the case, but instead fought the issue every step of the way. In the second place, what was involved in *Johnson* was personal jurisdiction, objections to which may be waived. What is involved in this case is more akin to subject matter jurisdiction, which can never be created by waiver or by agreement of the parties. See *Ga. R. & Banking Co. v. Redwine,* 208 Ga. 261 (2) (66 SE2d 234) (1951). Although by dictum the court in *Johnson* appeared to rule that a party could waive objection to subject matter jurisdiction as well as to personal jurisdiction, any such suggestion appears to have been disavowed in the recent case of *Mathews v. Mathews,* 244 Ga. 757 (2) (262 SE2d 69) (1979), where the court, in summarizing the *Johnson* holding, deleted the reference to the subject matter jurisdiction

altogether.

3. We must reject the condemnees' contention that our prior holding in this case amounted to an affirmance of the two judgments and that it thus established the law of the case as to their validity. Our previous ruling was merely that the trial court did not err in refusing to grant new trials to be the condemnees on the issue of attorney fees.

*Judgment reversed with direction. McMurray, P. J., and Smith, J., concur.*

ARGUED OCTOBER 9, 1980 — DECIDED DECEMBER 4, 1980 —

*Arthur K. Bolton, Attorney General, Charles M. Richards, Assistant Attorney General,* for appellant.

*Douglas McDonald, Douglas Parks,* for appellee.