## 60776. BLONDER et al. v. DEPARTMENT OF TRANSPORTATION.

CARLEY, Judge.

On September 12, 1979, the Department of Transportation, as condemnor, instituted an eminent domain proceeding pursuant to Code Ann. § 95A-601 et seq. against the property interests of Gerald A. Blonder, Rosa Dziewienski and David Berkman, the appellants herein, and of certain other condemnees in a certain parcel of land described in the condemnation petition. Pursuant to the requirements of Code Ann. § 95A-606, the petition and declaration of taking were personally served upon Berkman and Blonder on September 19, 1979. Dziewienski was served on September 18, 1979. On October 25, 1979, appellants filed, pursuant to Code Ann. § 95A-610, a notice of appeal seeking a jury trial as to the issue of just and adquate compensation.

On March 10, 1980, the condemnor filed a motion to strike the notice of appeal on the ground that appellants had failed to comply with the 30-day filing requirement of Code Ann. § 95A-610. The trial court granted the condemnor's motion, dismissed the appeal and entered final judgment for appellants in the amount paid into court pursuant to Code Ann. § 95A-605 (b). Berkman, Blonder and Dziewienski appeal.

Code Ann. § 95A-610 "distinctly provides that the right to an appeal to a jury on the question of value exists only if it is filed 'not later than 30 days following the date of the service as provided for in § 95A-606.' " *Knight v. Dept. of Transp.,* 134 Ga. App. 332, 335 (214 SE2d 418) (1975); *McClure v. Dept. of Transp.,* 140 Ga. App. 564 (1) (231 SE2d 532) (1976). In the instant case, appellants Berkman and Blonder were personally served on September 19, 1979 and Dziewienski was so served on September 18, 1979. The notice of appeal was not filed until October 25, 1979 which — as to each appellant — was more than 30 days after the date of service upon such appellant.

Appellants contend that at the time they filed their notice of appeal the 30-day period for filing a notice of appeal had not expired for *all* of the named condemnees and that appellants should not be precluded from filing their notice of appeal until the statutory period for response had expired for the "last served" condemnee. Appellants cite *Knight v. Dept. of Transp.,* supra, as authority for this proposition. However, *Knight* is clearly distinguishable from the instant case. In *Knight,* at least one of the joint owners of the condemned property timely filed a notice of appeal. In the instant case, the 30-day statutory period for filing a notice of appeal expired as to each appellant with no timely notice of appeal having been filed by *any* condemnee or other person having a claim against or an interest in the property sought to be condemned. Furthermore, in this case — unlike *Knight* — each of the condemnees was properly served. Accordingly, the trial court did not err in granting the condemnor's motion to strike and in dismissing appellants' notice of appeal.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 6, 1980 — DECIDED
DECEMBER 4, 1980.

*Roman A. DeVille,* for appellants.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Senior Assistant Attorney General, Robert D. McCallum, Jr., G. Conley Ingram, Fred F. Manget,* for appellee.