## 69095. CHAMBERS v. DEPARTMENT OF TRANSPORTATION.
(322 SE2d 366)

BANKE, Presiding Judge.

The Department of Transportation filed this action to condemn certain real property in which the appellant owned an interest. The record shows that on August 20, 1983, the appellant was personally served with a copy of the petition, declaration of taking, and the order and judgment of the court granting the condemnation. On September 20, 1983, the appellant applied for and received the funds which had been paid into the court by the department as compensation for his interest. On September 26, 1983, the appellant filed an "answer and counterclaim" indicating his dissatisfaction with the amount of the award and seeking a jury trial on the issue. The trial court dismissed that appeal on the ground that it was not timely filed, and the present appeal followed. *Held*:

1. "The right to appeal to a jury from a declaration of taking has been held to be absolutely conditional upon the filing of a timely notice of appeal in the superior court. *Knight v. D.O.T.*, 134 Ga. App. 332, 335 (214 SE2d 418) (1975); *D.O.T. v. Massengale*, 141 Ga. App. 70 (232 SE2d 608) (1977); *D.O.T. v. Harrison*, 154 Ga. App. 118 (267 SE2d 651) (1980). Not even the trial court is empowered to extend the period of time for filing the notice of appeal." *Dept. of Transp. v. Rudeseal*, 156 Ga. App. 712, 714 (276 SE2d 52) (1980). Pursuant to OCGA § 32-3-14, the notice of appeal must be filed in the trial court not later than 30 days following the date of the service of the petition and declaration of taking. The record before us shows that the appeal to a jury in the present case was not filed until 37 days after the appellant was personally served as provided in OCGA § 32-3-8. It follows that the appeal was properly dismissed.

2. The appellant urges this court to remand the case to the trial court for consideration of his contention that he was not properly served. This contention, raised here for the first time, is based on appellant's unsupported assertion that the declaration of taking served on him was missing a page. He concedes that this issue was not raised in the superior court.

"A defense of insufficiency of process or insufficiency of service of process is waived if it is neither made by motion nor included in a responsive pleading." *Pascoe Steel Corp. v. Turner County Bd. of Education*, 139 Ga. App. 87, 89 (227 SE2d 887) (1976). Moreover, as we have often held, "[i]ssues not raised in the court below may not be raised [here] for the first time as they present nothing to this court for decision." *Lester v. Groves*, 162 Ga. App. 590, 591 (291 SE2d 785) (1982).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 21, 1984.

*Gwynn M. Adcock, A. W. Cain, Jr.*, for appellant.
*Roland F. Matson, Senior Assistant Attorney General, Norman S. Fletcher*, for appellee.