DECIDED SEPTEMBER 9, 1987.

L. Z. Dozier, Jr., for appellant.
Mary M. Katz, for appellee.

74421. HOWARD v. DEPARTMENT OF TRANSPORTATION.
(361 SE2d 7)

BENHAM, Judge.

Pursuant to OCGA § 32-3-4, appellee Department of Transportation (DOT) filed a proceeding in rem, seeking condemnation of .019 acres of land in Sumter County. In its petition, DOT listed appellant Howard, Wayne Poole, Bennie Whittle, Janis Dixon Baldwin, and Southwestern Railroad Company as owners of the tract of land. The petition and declaration of taking were served upon appellant, Whittle, and Baldwin on October 17, 1985, upon Southwestern Railroad on October 18, and upon Poole on October 22. The railroad filed a pleading it labeled an "answer" on November 11, noting a misstatement of its name in the petition and declaration of taking. On November 21, appellant, dissatisfied with the amount of compensation as estimated in the declaration of taking and deposited in court ($1,565), filed a notice of appeal. See OCGA § 32-3-14. On appellee's motion, appellant's notice of appeal was stricken as untimely. From that action appellant brings this appeal.

"If the owner, or any of the owners, or any person having a claim against or interest in the property is dissatisfied with the amount of compensation as estimated in the declaration of taking and deposited in court, . . . such person or persons, or any of them shall have the right, at any time subsequent to the filing of the declaration and the deposit of the fund into court, but not later than 30 days following the date of the service . . . to file with the court a notice of appeal. . . ." OCGA § 32-3-14. " 'The right to appeal to a jury from a declaration of taking has been held to be absolutely conditional upon the filing of a timely notice of appeal in the superior court.' [Cits.]" Chambers v. Dept. of Transp., 172 Ga. App. 197 (1) (322 SE2d 366) (1984).

1. Appellant acknowledges his notice of appeal was filed more than 30 days after he was served with a copy of the petition and the declaration of taking. He argues, however, that this court's holding in Knight v. Dept. of Transp., 134 Ga. App. 332 (214 SE2d 418) (1975), is the springboard from which we may reverse the trial court's decision. We disagree. In Knight, DOT sought several parcels of property, each of which involved more than one condemnee. Not all the con-

demnees were served with the petition and declaration of taking, but those who were served filed notices of appeal beyond the 30-day statutory period. This court held that the notices of appeal were timely because the case was not ready for trial "[u]ntil those named by the state have been served, or a proper reason for lack of service has been shown." Id. at 336. Thus, a notice of appeal filed more than 30 days after a condemnee has been served may still be timely if a co-condemnee has yet to be served. Appellant argues that his notice of appeal should be deemed timely because when it was filed, November 21, the 30-day statutory period for filing a notice of appeal had not expired for appellant's co-condemnee, Poole, who had been served on October 22. In *Blonder v. Dept. of Transp.*, 156 Ga. App. 711, 712 (275 SE2d 762) (1980), this court rejected the argument that the ruling in *Knight* extended the statutory time for filing a notice of appeal until the period had expired for the last-served condemnee. If the 30-day period for filing a notice of appeal expires *as to each condemnee* with no timely notice of appeal having been filed by any of them or any other person or entity having a claim against or interest in the property sought to be condemned, it is proper to grant a motion to strike a notice of appeal filed more than 30 days after service of the petition and declaration of taking upon the party filing the notice of appeal.

2. Appellant also suggests that *Knight* is authority for the proposition that an out-of-time notice of appeal may be deemed timely if a co-condemnee has filed a timely notice of appeal. See *Blonder v. Dept. of Transp.*, supra. Appellant urges that his notice of appeal is timely because Southwestern Railroad filed a timely "answer." In order for a pleading to be considered a notice of appeal, it must express dissatisfaction with the proposed compensation. See OCGA § 32-3-14; *Dept. of Transp. v. Harrison*, 154 Ga. App. 118 (267 SE2d 651) (1980). The railroad's "answer" sought to clarify its name, and demanded "strict proof" of the allegations of the condemnor's petition since the railroad professed itself without sufficient knowledge to form a belief as to the truth of those allegations. The "answer" conveyed no expression of dissatisfaction with the amount of compensation proposed. Since the railroad's pleading did not constitute a notice of appeal and since none of appellant's co-condemnees filed a timely notice of appeal, appellant's untimely notice may not be deemed timely even under his interpretation of *Knight*.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 9, 1987.

*William E. Smith*, for appellant.

*Edmund A. Landau, Jr., Walter M. Deriso, Jr.*, for appellee.