## 75335. ROBINSON et al. v. DEPARTMENT OF TRANSPORTATION.
### (364 SE2d 884)

BIRDSONG, Chief Judge.

Condemnation — Dismissal of Appeal to Superior Court Relating to Award of Compensation. In 1980-1981, DOT condemned certain land that lay at the intersection of Cleveland Avenue and I-85 in Fulton County for the purpose of widening I-85. Certain property owners who owned a motel, a restaurant, repair shops and the like would have their businesses destroyed. DOT caused the necessary property to be condemned and paid the estimated value of the condemned property into the court. The property owners disputed the valuation placed upon their property and a jury trial was held upon the dispute. In June 1983, the jury rendered a verdict for the several property owners in the amount of $1,500,000. Before the jury trial on compensation commenced, DOT became aware that as a part of the slightly more than four acres condemned, there could be an ancient cemetery (Gilbert Cemetery) on at least a part of the property to be condemned.

Property records indicated that apparently around 1861, the owner of the property (Gilbert) had dedicated one acre of land as a burial site for slaves and the families of slaves. This dedication apparently legally was accomplished, in that the cemetery plot was recog-

nized in land transactions in several deeds in the early 20th century. DOT was not aware whether the land had been used as a cemetery (i.e., for actual interments) but sought permission from the court to investigate the possibility. Investigation disclosed that burials had occurred there for more than a hundred years though there were no visible signs such as headstones or grave markers nor signs of disturbed ground to indicate the configuration or size or even exact location of the cemetery. Further investigation indicated the cemetery size may have been doubled early in the 20th century to two acres. Scientific investigation brought forth the opinion that more than 1,000 deceased persons apparently had been buried in the location. The names and descendants of those buried there generally were unknown. Research subsequently disclosed the names of approximately 36 families or persons who were in fact buried there. DOT petitioned the court to allow disinterment and reinterment at a place to be selected or to appoint a citizens committee to locate potential survivors, to formulate a plan to design and perpetuate a suitable memorial to honor those buried there and the cemetery as a place of repose not to be further disturbed.

A public hearing was to be held to discuss the proposed memorial design and to identify as many of the deceased who were buried in the site as possible. Such a committee was appointed by the court. A notice was published as to the public hearing and notices of the hearing were served or attempts were made to serve the 36 families or persons who had already been identified as having a family interest in the cemetery. The appellant Hattie Robinson was one of those upon whom an attempt was made to notify of the hearing. It is not disputable that legally effective service was not effected upon Mrs. Robinson when service was left at a neighbor's house, although it also is clear that the neighbor did deliver the notice of hearing to Mrs. Robinson and that she did appear and testified as a witness, as did the other appellant herein Lamar Glover. At this hearing in April 1982, Mr. Glover particularly voiced a concern as to why the property owners were being considered for payment for the loss of their property but the descendants of the persons buried in the old cemetery were not being considered for a solatium or property reimbursement. The participants at the hearing were informed that the only purpose of the hearing was to consider an appropriate setting aside of the land and the design and placement of a memorial. The participants were also informed that a lawsuit had been filed in Fulton County contesting the amount of compensation and that suit had not yet been decided. The participants were informed in effect that if they believed they were entitled to compensation they could seek intervention in that lawsuit.

There had been an earlier hearing in March 1982 in the superior

court in response to DOT's request for guidance from the court as to what action to take to protect the cemetery, or to memorialize the site and the possible relocation of bodies buried therein. It was at that hearing that the trial court ordered no bodies (except one) to be exumed and the appointment of the committee to perpetuate Gilbert Cemetery as a protected and secluded memorial. Mrs. Robinson attended this first hearing but was unable to participate personally.

After the award of compensation to the fee property owners in June 1983, Mrs. Robinson and Mr. Glover (apparently related to Mrs. Robinson as a part of the Glover family which had ancestors buried in the cemetery) in 1985 filed a notice of appeal in the superior court to the jury award of compensation (or lack thereof) seeking a jury trial on the issue of compensation assertedly due them as easement holders in the cemetery pursuant to OCGA § 32-3-14. This notice of appeal was filed by Mrs. Robinson and Mr. Glover on January 24, 1985. As indicated hereinbefore, Mrs. Robinson had not received legal notice of the hearing on disposition of the cemetery issue nor any notice at all of the condemnation nor of the suit upon compensation and apparently no effort was ever made to serve Mr. Glover. The appellants seek to justify the filing of their notice of appeal in 1985, two years after the judgment of the compensation trial in 1983 and long after the judgment had become final, based upon the particular wording of § 32-3-14. Upon motion of DOT, the trial court entered an order of dismissal of the notice of appeal. It is the dismissal of their notice of appeal that forms the basis of this appeal. *Held*:

The language contained within OCGA § 32-3-14 upon which Robinson and Glover rely provides in substance that if any person having a claim against or an interest in the property condemned is dissatisfied with the amount of compensation as estimated in the declaration of taking and deposited in court, that person shall have the right at any time subsequent to the filing of the declaration and deposit but not later than 30 days following the date of service upon the claimant to file with the court a notice of appeal. Mrs. Robinson and Mr. Glover concede that the jury trial and award of June 1983 were final but argue that they had an interest in the award of compensation as easement holders in part of the land condemned and have never been legally served; thus their notice of appeal constituted their acknowledgement of service and was timely. See *Knight v. Dept. of Transp.*, 134 Ga. App. 332 (214 SE2d 418).

The filing of such a notice of appeal is regulated by and must follow the procedures for notice of service or lack thereof as provided in OCGA § 32-3-8. That code section provides in pertinent part that when a petition and declaration by the condemning authority has been filed, the condemnation process *must be served* upon the owner or any person having a claim against or interest in the condemned

property. OCGA § 32-3-10 further provides that no construction of OCGA § 32-3-8 shall invalidate the intent of the condemnor or delay the taking of the property. Further at any stage of the proceeding but before final verdict and judgment, the superior court may order additional service on additional parties *identified and named* as may be required by equity or justice. OCGA § 32-3-5 requires the petition for condemnation to establish the property to be taken *and the names* and residences of any whose property interests are affected thereby, including persons or classes of unknown persons whose rights are to be affected. Notice of the intent to condemn must be served upon all parties named personally. OCGA § 32-3-17 provides in pertinent part that no provision of the condemnation chapter shall exclude any person by way of default from making known his rights or claims in the property or interests or in the fund arising therefrom. Such claimant should file such pleading or intervention before verdict and be fully heard thereon.

In interpreting these intertwined provisions of law, this court has construed the right to file an appeal seeking a jury trial on the issue of adequacy of condemnation. We have concluded that the right to file an appeal is not limited to the property owners. However, the proceeding is one in rem; thus it is the value of the property that is in issue. To decide the issue of those entitled to a share of the value of the property, the State is required to *name* those that its investigation has disclosed have an interest in the proceeds. Until those *named* have been served, or a proper reason for lack of service has been shown, the case is not ready for trial. All parties *named* by the State are parties at interest and have a right to participate as appellants in the jury trial. *Knight v. Dept. of Transp.*, supra at p. 336. From the pleadings and the record, it is manifest that the DOT in the case sub judice never considered Mrs. Robinson nor Mr. Glover as persons having an interest in the proceeds of the condemnation proceedings other than as persons having an ancillary interest in the memorial dedicating the Gilbert Cemetery. We do not decide nor even consider whether Mrs. Robinson or Mr. Glover had an intrinsic right to intervene in the jury trial on the issue of value. We simply observe that they were not named as parties having an ownership or other interest in the valuation trial.

We should note that neither appellant attempted to avail themselves of their right to intervene in this action — if they had a proper interest — although it is certain that appellant Robinson received notice and appeared as a witness. An appearance without raising a purported lack of legal service can amount to waiver. See *Williams v. Mells*, 138 Ga. App. 60, 61 (225 SE2d 501). Further, there is no evidence that either appellant has sought relief from the judgment rendered. See OCGA § 9-11-60. The only action attempted is a belated

appeal from a judgment to which they were not parties.

The trial court in this case dismissed the appeal of Mrs. Robinson and Mr. Glover on the ground that they were not proper parties to file an appeal. It long has been the law of this state that one not a party to a proceeding in the trial courts and not a party to the judgment entered therein, cannot, in this court, prosecute a writ of error based on such a judgment. *Holland v. Froklis*, 89 Ga. App. 768 (1) (81 SE2d 317). This rule has been repeatedly reaffirmed always requiring service to be made upon the *named* condemnee. See *Dept. of Transp. v. Brooks*, 143 Ga. App. 872, 873 (240 SE2d 163); *Knight v. Dept. of Transp.*, supra at p. 336. This requirement is nothing more than the simple reiteration of the rule that only a party to the case can appeal from a judgment, or one who has sought to become a party as by way of intervention and has been denied the right to do so. See *Whitby v. Maloy*, 145 Ga. App. 785, 788 (4) (245 SE2d 5). See also *United States Fire Ins. Co. v. Farris*, 146 Ga. App. 177 (245 SE2d 868). There being no evidence in this record that Mrs. Robinson or Mr. Glover were named as parties defendant in the action for condemnation nor that they ever actively sought to intervene in that action, the trial court did not err in dismissing the notice of appeal seeking a jury trial which was filed two years after the verdict and judgment in the valuation trial.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1988 —
REHEARING DENIED JANUARY 22, 1988 — 

*Jeffrey O. Bramlett, John E. Floyd*, for appellants.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Charles M. Richards, Assistant Attorney General*, for appellee.