75769. DEPARTMENT OF TRANSPORTATION
v. MORRIS et al.
(368 SE2d 155)

DEEN, Presiding Judge.

On September 4, 1986, appellant Department of Transportation (DOT) instituted condemnation proceedings against certain property owned by appellee Carroll Morris. Morris was personally served with the petition on September 6, 1986; thirty-one days later, on October 7, 1986, he filed his untimely notice of appeal. Pursuant to OCGA § 32-3-8 (f) citation was published on September 11 and September 18, 1986. On October 23, 1986, thirty-five days after the publication of the last citation, a joint notice of appeal was filed by appellees Morris's, Inc. and C & L Gifts and Jewelry, Inc., both of which claimed

an interest in the property under an oral tenancy at will. DOT filed motions to dismiss against all appellees, based on their failure to timely file their notices of appeal. Appellees submitted affidavits in opposition to said motions which contained facts tending to show that DOT had notice of the interests of both Morris's and C & L Gifts in the property. The trial court denied DOT's motion to dismiss based on insufficiency of service of process and, citing *Knight v. Dept. of Transp.*, 134 Ga. App. 332 (214 SE2d 418) (1975), held that all parties could proceed to trial as joint appellants. The trial court also granted a certificate of immediate review, and this court subsequently granted DOT's application for interlocutory appeal. *Held*:

OCGA § 32-3-5 (3) requires the condemnor to include in the condemnation petition "[t]he names and residences of the persons whose property or interests are to be taken or otherwise affected, *so far as known*." (Emphasis supplied.) OCGA § 32-3-8 further provides that said petition and declaration must be personally served on the persons so named, provided they are residents of this state. In the present case, appellees' uncontradicted affidavits established that DOT had knowledge of the leasehold interests of both Morris's and C & L Gifts in the property to be condemned; hence, DOT was required to both name these appellees in the petition and personally serve them as provided by OCGA §§ 32-3-8 and 32-3-10. *Knight v. Dept. of Transp.*, supra. See generally *Franco's Pizza & Delicatessen v. Dept. of Transp.*, 178 Ga. App. 331 (1) (343 SE2d 123) (1986). Cf. *Robinson v. Dept. of Transp.*, 185 Ga. App. 597 (364 SE2d 884) (1988).

The time for filing the notice of appeal begins to run from the date of personal service. OCGA § 32-3-14; *Dept. of Transp. v. Rudeseal*, 156 Ga. App. 712 (1) (276 SE2d 52) (1980); *Dept. of Transp. v. Brooks*, 143 Ga. App. 872 (1) (240 SE2d 163) (1977). "The condemnees have a perfect right to waive service and come on in, [which they did in the present case when they filed their joint notices of appeal], but until they are properly served, and unless the record shows this fact by a proper return of service, the right remains until it is voluntarily waived. Here the waiver and the appeal are one and the same." *Knight*, supra at 336. Accordingly, the trial court did not err in refusing to dismiss the notice of appeal filed jointly by appellees Morris's and C & L Gifts. See also OCGA § 32-3-10.

The question remains, however, as to whether the trial court erred in also refusing to grant DOT's motion to dismiss as to appellee Morris, who filed his notice of appeal thirty-one days after personal service of the petition and declaration of taking. Although conceding that the notice of appeal was not timely filed, Morris argues that under the authority provided in *Knight*, supra, he should be allowed to join appellees Morris's and C & L Gifts in their appeal against the DOT. We agree. *Knight* holds that a court does not have jurisdiction

until there is a return of service or a reason is shown for lack of service. Where, as in the instant case, some of the condemnees are not served, *Knight*, at 336, holds, "It does not inhere in this legal structure to fragment the case at the moment when the issue of value is being reciprocally considered for the first time." Fundamental fairness would therefore permit the condemnee to participate in the appeal when the other condemnees who were not served file their appeals. We find that a condemnee who files an untimely appeal in such a situation *is also entitled to just and adequate compensation of his interest* in the property.

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., Banke, P. J., Carley and Benham, JJ., concur. Sognier, Pope, and Beasley, JJ., dissent.*

Pope, Judge, dissenting.

I must dissent to that portion of the majority opinion which allows appellee Morris, who though properly served failed to timely file his notice of appeal, to join Morris's, Inc. and C & L Gifts and Jewelry, Inc. in their appeal against DOT.

The payment of just and adequate compensation by the condemnor is a constitutional prerequisite to the taking of property through the power of eminent domain. The condemnee does have a right to file an appeal to a jury on the question of value but "only if it is filed not later than 30 days following the date of service as provided for in [OCGA § 32-3-8]." (Citations and punctuation omitted.) *Blonder v. Dept. of Transp.*, 156 Ga. App. 711 (275 SE2d 762) (1980); OCGA § 32-3-14. Likewise, it has been established beyond cavil that " '[t]he right to appeal to a jury from a declaration of taking has been held to be absolutely conditional upon the filing of a timely notice of appeal in the superior court. [Cit.]; *D. O. T. v. Massengale*, 141 Ga. App. 70 (232 SE2d 608) (1977); *D. O. T. v. Harrison*, 154 Ga. App. 118 (267 SE2d 651) (1980).' " *Chambers v. Dept. of Transp.*, 172 Ga. App. 197 (1) (322 SE2d 366) (1984). "Accordingly, the trial court [has] no authority or discretion to extend the period of time for filing a notice of appeal." *McClure v. Dept. of Transp.*, 140 Ga. App. 564 (231 SE2d 532) (1976). See also *Dept. of Transp. v. Rudeseal*, 156 Ga. App. 712 (1) (276 SE2d 52) (1980); *Dept. of Transp. v. Forrester*, 149 Ga. App. 647 (255 SE2d 115) (1979); *Dept. of Transp. v. Brooks*, 143 Ga. App. 872 (1) (240 SE2d 163) (1977). Thus, to the extent that *Knight v. Dept. of Transp.*, 134 Ga. App. 332 (214 SE2d 418) (1975), suggests otherwise, I believe it must be overruled and the decision of the court below be reversed as to appellee Morris.

I am authorized to state that Judge Sognier joins in this dissent.

Beasley, Judge, dissenting.

I agree with all in the dissent except the overruling of *Knight v. Dept. of Transp.*, 134 Ga. App. 332 (214 SE2d 418) (1975) and would instead limit it to its facts.

The property there consisted of three contiguous tracts in which members of the same family owned most of the interests. Errors in service were made in serving the junior instead of the senior as to two tracts, in not making proper returns on nonresidents as to one tract, and in not showing service on the bank as to one tract. (Although the court ruled that the time limitation could not run against the junior in Case No. 1232 because there was no return of service on him, it earlier stated that he had personal service in this state.)

Considering the close relationship of most of the condemnees as to whom proper service or proper returns were not shown on all of the tracts, the confusion of service attributed to the similarity of names of two of the condemnees, the interests of same in some but not all of the tracts, and so on, the court faced the question: "What is the effect of this ruling [as to returns of service] on the progress of the cases?" It appears that it took into account the circumstances of the case and the difficulties attendant to proceeding with ascertainment of compensation to only some of these joint owners and as to some of the contiguous tracts, which would be a meticulous nightmare at best, and reached a practical solution. All could participate.

I do not read *Knight* as establishing a general rule that where a person having an interest in the property does not timely appeal after proper service, he may still participate if there are other parties who were not properly served or with respect to whom there is not a proper return of service. Such an exception does not appear in the statute and could not with authority be engrafted into it by the court. Attributing such a cast to *Knight* misreads it.

The same situation is not presented here. We simply have a tardy owner, who was served on a Saturday and did not appeal until a Tuesday thirty-one days later. Having been precluded by OCGA § 32-3-14 from participating in the appeal, he cannot ride into it on the coattails of the lessees, who have a separate and different and independently measurable interest. The statute simply does not provide for this reprieve.

Decided March 16, 1988 —
Rehearing denied March 31, 1988.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Beverly B. Martin, Assistant Attorney General, Wil-*

*liam A. Zorn,* for appellant.
*Strickland Holloway, Jr.,* for appellees.