## A89A2245. DEPARTMENT OF TRANSPORTATION v. MORRIS et al.

(392 SE2d 291)

POPE, Judge.

This is an appeal from a jury verdict and judgment against the Department of Transportation (DOT) in favor of Harold L. Morris and Kathleen W. Morris in the amount of $127,900 and in favor of Amoco Oil Company (Amoco) in the amount of $277,300.

1. Although its notice of appeal included the judgment in favor of the Morrises, DOT has not enumerated any error in connection with that judgment, nor argued anything in its brief in connection with that judgment. We deem it abandoned pursuant to Court of Appeals Rule 15 (c) (2).

2. DOT argues that it should be granted a new trial because there is no evidence that Amoco did business on the property.

The property condemned contained a service station. The Morrises were the fee simple owners and Amoco had a leasehold interest. Amoco was the owner of all the improvements and also owned the pumps, storage tanks and other equipment used in the business of the service station. Amoco paid the taxes on the property. DOT argues that the evidence shows only that Amoco was a wholesaler selling products to an independent dealer on the site and thus had no business actually operating on the site. We do not agree. The dealership was operated under a contract that, in effect, created a joint venture between Amoco and the dealer for sale of gasoline on the site. Under the contract, Amoco supplied the gasoline and actually retained ownership of it until it was pumped into a customer's vehicle. The dealer reported the amount of gasoline sold and paid for that amount. Amoco derived a profit only when the gasoline was purchased by a customer. Regarding other products, such as tires, batteries, and the like, Amoco had the traditional relationship of a wholesaler selling to an independent dealer. Amoco further presented testimony that it monitored and evaluated station sites by the potential for gasoline sales. Our examination of the record convinces us that Amoco was conducting business at the site and that it was not simply a wholesale-to-retail transaction.

Next, DOT argues that there is insufficient evidence in the record to show any lost profits. DOT argues that the evidence regarding

profits merely shows "paper transactions" between separate divisions of Amoco. We disagree. Richard Joiner testified that Amoco's marketing division purchased gasoline either from Amoco's own refineries or from other refineries at the same price, called "Gulf Coast Wholesale" and then transported the gasoline to Atlanta for distribution to stations. Joiner also testified about the margin of profit per gallon and stated that the margin was the same whether the gasoline was purchased from outside refineries or from Amoco refineries. He then gave testimony that the station in question was profitable and testified regarding the amount of profit Amoco derived from the site. From this evidence, one can conclude that Amoco lost profits by the loss of the opportunity to sell gasoline to the motoring public at this station. Thus, Amoco produced evidence of the unique nature of the site, its profitability and the loss suffered as a result of the taking. This is sufficient under our law. See *Housing Auth. of Atlanta v. Southern R. Co.*, 245 Ga. 229 (264 SE2d 174) (1980). We are not persuaded that Georgia's settled law should be changed by DOT's reliance on a Florida case, *Texaco v. Dept. of Transp.*, 537 S2d 92 (Fla. 1989). As pointed out by Amoco, that decision turns on Florida statutory law and the fact that Texaco apparently had a traditional wholesale-retail relationship with its dealer as evidenced by the court's statement that "a wholesaler of products for resale would be entitled to business damages *only* if it were conducting its wholesale business and generating its profits from that business on the condemned property." *Texaco*, supra at 94. In the present case, Amoco demonstrated that it did generate profits from wholesale activity on the condemned site.

3. There is no merit to DOT's argument that the trial court erred in admitting DOT's Exhibit 8 only with deletions (by masking those portions of the document) of references to other stations operated by Amoco in the same marketing territory. DOT argues that it shows that this site was not unique. We disagree. Regardless of how this site measured against other stations, it does not change the uniqueness of the particular station condemned here. Amoco presented evidence to show demographically what the customer base for the site was and that it would be lost if a site within that area did not replace the condemned station. Evidence of the return on investment at other stations was not relevant.

4. Finally, we find no error by the trial court in holding that Amoco had a right to appeal the condemnation award. The trial court's reliance on *Knight v. Dept. of Transp.*, 134 Ga. App. 332 (214 SE2d 418) (1975) was not misplaced. See *Dept. of Transp. v. Morris*, 186 Ga. App. 673 (368 SE2d 155) (1988).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1990.

*Evans & Flournoy, Charles A. Evans, Michael J. Bowers, Attorney General*, for appellant.
*G. Robert Howard*, for appellees.