46576. HODGES v. LANE et al.

SUBMITTED SEPTEMBER 15, 1971—DECIDED OCTOBER 22, 1971—
REHEARING DENIED NOVEMBER 12, 1971.

*Fulcher, Hagler, Harper & Reed, Gould B. Hagler,* for appellant.
*Calhoun & Kernaghan, William C. Calhoun,* for appellees.

QUILLIAN, Judge. The appellee contends that the granting of its summary judgment was correct because he was a resident of Columbia County, Georgia, when the third-party complaint was filed against him and that the Jefferson Superior Court had no jurisdiction over his person. However, appellee answered the third-party complaint by a general defense alleging that the third-party complaint failed to state a claim against him upon which relief could be granted, and by responding to the particular allegations in the complaint. Only later, after his answer was filed and after the pleadings were closed, did appellee attempt to challenge the jurisdiction of the court over his person in his motion for summary judgment.

*Code Ann.* § 81A-112 (b) (Ga. T. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106), requires that a defense of lack of jurisdiction over the person be asserted either in the responsive pleadings or by motion made before or at the time of filing of the responsive pleadings.

Having failed to raise the defense of lack of jurisdiction over the person in the responsive pleadings or by a motion made at or before the filing of the responsive pleadings the defense was waived. *Code Ann.* § 81A-112 (h) (Oa. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106).

The appellee argues that at the time the responsive pleadings were filed this court in *Register v. Stone's Independent Oil,* 122 Ga. App. 335 (177 SE2d 92), had held that it was permissible for a third-party plaintiff in one county to interplead a third-party defendant from another county. While the appellee is correct as to the holding in *Register v. Stone's Independent Oil,* 122 Ga. App. 335, supra, the Supreme Court reversed that holding in *Register v. Stone's Independent Oil,* 227 Ga. 123 (179 SE2d 68), and held that such an action must be brought in the county of the third-party defendant.

The appellee contends that the decision of this court in *Register v. Stone's Independent Oil,* 122 Ga. App. 335, supra, had not been reversed at the time the summary judgment was granted and

therefore was binding. With this contention we cannot agree. The decision in *Register v. Stone's Independent Oil,* 122 Ga. App. 335, supra, having been certioraried and then reversed, the ruling of this court never became final and was of no force or effect.

Furthermore, "a reviewing court should apply the law as it exists at the time of its judgment rather than the law prevailing at the rendition of the judgment under review, and may therefore reverse a judgment that was correct at the time it was rendered and affirm a judgment that was erroneous at the time, where the law has been changed in the meantime and where such application of the new law will impair no vested right under the prior law." *Hill v. Willis,* 224 Ga. 263, 265 (161 SE2d 281). See *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d 759); *Fulton County v. Spratlin,* 210 Ga. 447 (2) (80 SE2d 780); Texas Co. v. Brown, 258 U. S. 466 (2) (42 SC 375, 66 LE 721).

The granting of the summary judgment was error.

*Judgment reversed. Jordan, P. J., and Evans, J., concur.*