## 47591. KINLOCK et al. v. STATE HIGHWAY DEPARTMENT.

PANNELL, Judge. Appellants here were defendants in the court below in a condemnation proceeding brought by the State Highway Department under the Act of 1961 as amended (Ga. L. 1961, p. 517; 1962, Ex. Sess., Sept., p. 37; 1966, p. 246; *Code Ann. Ch.* 36-13). They enumerated error on an order of the trial judge dismissing their notice of appeal because of late filing, which notice of appeal was filed in response to the estimate of damages stated in the petition of condemnation. Error was also enumerated on the overruling of their motion to quash the service and to dismiss the condemnation action, which motions were filed subsequently to the filing of their notice of appeal and subsequently to a motion filed by the condemnor to dismiss the appeal for the late filing. *Held:*

1. Section 10 of the Act of 1961 (*Code Ann.* § 36-1310) provides: ". . . at any time subsequent to the deposit of the fund into court but not later than 15 days following the date of the last advertisement of the cause in the official newspaper of the county, as provided in subparagraph 7 of Section 5 of this Act," the condemnee has the right to file with the court a notice of appeal in writing in which event the sole issue made by the notice of appeal is the proper amount of damages to the condemnee. *State Highway Dept. v. Respess,* 111 Ga. App. 421, 422 (142 SE2d 73); *State Highway Dept. v. Whitehead,* 111 Ga. App. 647 (142 SE2d 424). The time for filing the notice of appeal to a jury is not tied to personal service but rather to the service by publication (*State Highway Dept. v. Kirchmyer,* 118 Ga. App. 652 (165 SE2d 170)) and the appeals here were considerably late in being filed.

2. Section 81 of the Civil Practice Act (*Code Ann.* § 81A-181) provides that "This Act shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict here-

with are expressly prescribed by law, but, in any event, the provisions of this Act governing the sufficiency of pleadings; defenses; amendments; counterclaims; cross claims; third-party practice; joinder of parties and causes; making parties; discovery and depositions; interpleader; intervention; evidence; motions; summary judgment; relief from judgments and the effect of judgments; shall apply to all such proceedings." Paragraph (b) of Section 12 of the Civil Practice Act (*Code Ann.* § 81A-112 (b)) provides that: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: (1) lack of jurisdiction over the subject-matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party. *A motion making any of these defenses shall be made before or at the time of pleading if a further pleading is permitted.*" (Emphasis supplied). Paragraph (h) of Section 12 of the Civil Practice Act (*Code Ann.* § 81A-112 (h)) provides: "(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subsection (g), or (B) if it is neither made by motion under this section nor included in a responsive pleading, as originally filed." There being nothing in the Act of 1961 as amended in conflict with this provision of the Civil Practice Act, it is applicable thereto. See *General Acceptance Corp. v. Bishop,* 126 Ga. App. 421 (190 SE2d 825).

We, accordingly, hold that the filing of the notice of appeal in order to contest the amount of the damages occasioned to the condemnee by the taking, without at the same time contesting the method of service, constituted a

waiver of the service and the notice of appeal was properly dismissed as having been filed too late. See *Hodges v. Lane,* 124 Ga. App. 830 (186 SE2d 322). While the trial judge in this case ruled that the service made was good and the appeals were tardily filed, we do not pass upon this question as it is immaterial to a proper decision of the case, such service even if defective having been waived. There was no error in dismissing the notice of appeal as not having been filed within the time required.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.* SUBMITTED OCTOBER 4, 1972—DECIDED JANUARY 22, 1973.

*Ross & Finch, Charles E. McCranie,* for appellants.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Roland F. Matson, Assistant Attorneys General, Herbert O. Edwards,* for appellee.