**FADUM ENTERPRISES, INC., and Ole-Kristian Fadum, Plaintiffs,**

v.

**Chris LIAKOS, Defendant.**

**Civ. A. No. 87-1029-C.**

United States District Court, D. Massachusetts.

Aug. 30, 1988.

**974**

Daniel F. MacDonald, MacDonald & Lydon, Norwood, Mass., for plaintiffs.

Thomas J. Lynch, Taylor, Anderson & Travers, Boston, Mass., for defendant Chris Liakos.

## MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiffs brought this suit in Massachusetts Superior Court seeking damages for breach of contract, interference with advantageous business relationships, taking of trade secrets, and for unfair and deceptive acts and practices in violation of M.G.L.c. 93A. The plaintiffs also sought injunctive relief. The defendant removed the case to this Court on the basis of diversity and filed counterclaims alleging fraud, conversion, breach of contract, and violation of M.G.L.c. 93A. The matter is now before this Court on the defendant's motion for summary judgment.

## I. BACKGROUND

This case arose out of business dealings between Ole–Kristian Fadum (Fadum) and Chris Liakos. In 1985, Liakos was employed by Georgia–Pacific Corporation as an engineer in Georgia. In April, 1985, Fadum approached Liakos about going into business together to develop control systems and automation plans for paper and pulpwood mills. As a result of these discussions, the plaintiff and the defendant formed a company called FEI Consulting. In forming this business, Liakos paid Fadum $25,000, which the defendant claims, was to be returned if the parties could not work out a long term agreement.

In January, 1986, Fadum and Liakos severed their business relationship. The plaintiff, however, did not return the $25,000. Consequently, Liakos filed suit in Georgia Superior court to recover the $25,000. In that suit, Liakos named Fadum, Fadum Enterprises, Inc., and FEI Consulting as defendants.

Eventually, the Georgia Superior Court entered a default judgment against Fadum on April 7, 1987, which judgment was upheld by the Georgia court of Appeals. On April 28, 1988, the Georgia Supreme Court denied Fadum's writ of certiorari. Prior to that, however, Fadum filed this suit in the Massachusetts Superior Court on April 28, 1987. After removal to this Court, the case was stayed pending the decision of the Georgia appellate courts. The defendant, Liakos, now moves for summary judgment on the grounds that, under the doctrine of *res judicata*, the Georgia action precludes the plaintiff from bringing this suit.

## II. DISCUSSION

A state court judgment has the same *res judicata* effects in federal court that it would have had in the court that entered the judgment. *Wright v. Georgia R.R. & Banking Co.*, 216 U.S. 420, 428–29, 30 S.Ct. 242, 245–46, 54 L.Ed. 544 (1910); 18 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 4469 (1981). This preclusive effect is mandated by 28 U.S.C. § 1738, which requires that the judicial proceedings of a state court be given full faith and credit in every court in the United States. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84

L.Ed.2d 274 (1985). Accordingly, the federal court must look to the preclusion law of the state in which the original judgment was rendered. *Id.*

The Georgia doctrine of claim preclusion is similar to that of other states. Under Georgia law, a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters that were or could have been raised. O.C.G.A. § 9–12–40. Moreover, the doctrine of *res judicata* applies even where the initial judgment was a default judgment. *Morgan v. Dept. of Offender Rehabilitation*, 166 Ga.App. 611, 305 S.E.2d 130, 133 (1983).

Under Georgia law, a defendant is required to state as a counterclaim any claims which, at the time of serving the pleading, the defendant has against the plaintiff if it arises out of the transaction or occurrence giving rise to the plaintiff's claims, unless the claim was not within the jurisdiction of the court. O.C.G.A. § 9–11–13(a). If the defendant fails to state such a compulsory counterclaim in the first suit, and the suit is brought to judgment, then *res judicata* bars the defendant from asserting that claim in a later suit. *First Federal Savings & Loan Ass'n v. I.T.S.R.E. Ltd.*, 159 Ga.App. 861, 285 S.E.2d 593, 595 (1981); *Harbin Lumber Co. v. Fowler*, 137 Ga.App. 90, 222 S.E.2d 878, 880 (1975).

There is no question in this case that the parties in this suit are identical. Nor is there any doubt that a final judgment was rendered in the Georgia action. The two points of contention are whether the claims involved in this action were compulsory counterclaims in the Georgia action, and whether the Georgia court had personal jurisdiction over Fadum and FEI.

■ To determine whether Fadum's claims in this action were compulsory counterclaims in the Georgia action, and thus possibly barred by *res judicata*, one must ask whether the claims arose out of the same "transaction or occurrence" from which Liakos' claims arose. Georgia courts give the term "transaction or occurrence" a broad and realistic interpretation.

*Myers v. United Services Automobile Ass'n*, 130 Ga.App. 357, 203 S.E.2d 304, 307 (1973). In analyzing this issue, Georgia courts apply the "logical relation" test that has been adopted by a number of federal courts. Under this approach, the question is whether there is any logical relationship between the claims. *Id.*

In *Myers*, the Georgia Court of Appeals looked to federal courts' interpretation of Fed.R.Civ.P. 13(a), which is analogous to O.C.G.A. § 9–11–13(a). Therefore, this Court may look to federal courts' interpretation of compulsory counterclaims. The Fifth Circuit Court of Appeals, like the Georgia courts, has adopted the "logical relationship" test. *Montgomery Elevator Co. v. Building Engineering Services Co., Inc.*, 730 F.2d 377, 380 (5th Cir.1984). That court has noted that a logical relationship exists between two claims when "the same operative facts serve as the basis of both claims or the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.*

In the present action, four of Fadum's counts are logically related to the Georgia action, and thus were compulsory counterclaims in that action. The factual core of the Georgia action was the nature of the relationship between Fadum and Liakos, and the parties' actions taken in the course of that relationship. These same facts also form the basis for Counts one (breach of the employment contract), two (interference with advantageous business relationships), three (conversion of a computer), and Count six (breach of the duty of good faith) of this action. The factual basis of the Georgia action "activated" these legal rights. Therefore, there is a logical relationship between the claims in the Georgia action and Counts one, two three, and six of this action. As such, these counts were compulsory counterclaims in the Georgia action. The remaining Counts (taking of trade secrets and violation of c. 93A) were not compulsory counterclaims in the Georgia action since they rest on events that occurred after the relationship had ended.

Although these claims have some factual overlap with the Georgia action, they are not "logically related" to the Georgia action. Accordingly, Counts four, five, and seven are not barred by the Georgia action.

■ The plaintiff also argues, however, that the Georgia court did not have jurisdiction over him or over the subject matter of the suit.[1] As noted, *res judicata* only applies when the initial judgment is rendered by a court of competent jurisdiction. When the plaintiff does not appear in state court to challenge the jurisdiction of that court, he is free to collaterally attack the prior state court judgment for lack of jurisdiction. Restatement (Second) of Judgments § 12. Here, Fadum did not answer the complaint, and thus did not waive his right to challenge the personal jurisdiction of the Georgia court. *See Hodges v. Lane,* 124 Ga.App. 830, 186 S.E.2d 322 (1971) (noting that where a defendant fails to raise the defense of lack of personal jurisdiction in the responsive pleading or by motion at or before the filing of such pleadings, that defense is waived). Neither the defendant nor the plaintiff in this case have submitted any evidence concerning the plaintiff's connection with Georgia. Without any such facts, this Court is unable to determine whether the Georgia Superior Court had jurisdiction over the plaintiff or over the subject matter of the suit. Accordingly, the defendant's motion for summary judgment must be denied until such facts are established. At that time, the defendant is free to renew his motion for summary judgment as to Counts one, two, three, and six on the grounds of *res judicata.*

Order accordingly.

1. The plaintiff also argues, for some reason, that this Court should not abstain in this case. The plaintiff seems to misconstrue the basic difference between abstention and *res judicata.* Abstention doctrines generally apply in cases where a federal court is presented with an issue on which state court has not yet passed. See generally 17A C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 4241 (1981). *Res judicata* applies, on the other hand, where the state court has already passed upon the case or issue before the federal court.