**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 8, 2019**

# In the Court of Appeals of Georgia

A19A0600. BRYDE et al. v. CITY OF ATLANTA.

BROWN, Judge.

The City of Atlanta ("the City") instituted condemnation proceedings on March 6, 2018, against certain property owned by Virginia and Walton Bryde in order to complete a bridge on Powers Ferry Road. Pursuant to the requirements of OCGA § 32-3-8, the petition and declaration of taking were personally served upon the Brydes on March 27, 2018. On May 4, 2018, the Brydes filed an answer along with a notice of appeal pursuant to OCGA § 32-3-14, seeking a jury trial as to the issue of just and adequate compensation. Upon the City's motion, the trial court dismissed the notice of appeal as untimely under OCGA § 32-3-14, and entered final judgment for the Brydes in the amount paid into the court registry pursuant to OCGA § 32-3-7. The Brydes appeal, asserting that their notice of appeal was timely pursuant to OCGA §

9-11-4 (h) of the Civil Procedure Act (CPA), and further that, even if their notice of appeal was untimely, the trial court erred in also dismissing their answer.

1. OCGA § 9-11-4 (h) ("Rule 4 (h)") provides, in part, that

[t]he person serving the process shall make proof of such service with the court in the county in which the action is pending within five business days of the service date. If the proof of service is not filed within five business days, the time for the party served to answer the process shall not begin to run until such proof of service is filed.

It further defines "proof of service" to include the affidavit of the person serving the party. OCGA § 9-11-4 (h) (2). Here, the return of service affidavits show that Walton Bryde was personally served at his residence on March 27, 2018, and that service on Virginia Bryde was effected by leaving copies with Walton Bryde at their residence on the same date. Both affidavits were filed with the clerk of court on April 5, 2018, more than five business days from the date of service. According to the Brydes, "the City's delay in filing its return of service affidavits triggered an automatic, mandatory tolling under [Rule 4 (h)] of the Brydes' responsive pleading deadline." The Brydes filed their notice of appeal and answer on May 4, 2018, within 30 days of the date the City's return of service affidavits were filed.

In response, the City maintains that the Brydes' notice of appeal was untimely under OCGA § 32-3-14, which applies to special statutory condemnation proceedings, and provides the following:

> If the owner, or any of the owners, or any person having a claim against or interest in the property is dissatisfied with the amount of compensation as estimated in the declaration of taking and deposited in court, as provided for in Code Section 32-3-7, such person or persons, or any of them, shall have the right, at any time subsequent to the filing of the declaration and the deposit of the fund into court, *but not later than 30 days following the date of the service as provided for in Code Sections 32-3-8 and 32-3-9*, to file with the court a notice of appeal, the same to be in writing and made a part of the record in the proceedings.

(Emphasis supplied.) OCGA § 32-3-14. OCGA § 32-3-8 applies to service on residents of this state in condemnation proceedings and requires that the petition and declaration of taking be personally served upon any owners of the property sought to be condemned.[1] OCGA § 32-3-8 (a). Thus, according to the City, the Brydes had 30 days from March 27, 2018, the date of personal service, to file their notice of appeal, and the May 4, 2018 notice of appeal was filed after the expiration of that 30-day deadline. The City further contends that to the extent Rule 4 (h) permits a notice of

---

[1] OCGA § 32-3-9 applies to service upon non-residents.

3

appeal to be filed more than 30 days following personal service, it conflicts with OCGA § 32-3-14 and thus does not apply.

The provisions of the CPA apply to all special statutory proceedings except to the extent that there are specific practice and procedure rules in conflict and expressly prescribed by law. OCGA § 9-11-81. See *Whigham v. City of Atlanta*, 262 Ga. App. 742 (1) (586 SE2d 412) (2003) ("[g]enerally, the [CPA] will apply to in rem forfeiture actions under OCGA § 32-3-1 et seq. . . . only to the extent the [CPA] does not conflict with the specific practice and procedures expressly prescribed by [the in rem forfeiture statutes]") (citation omitted). "Our Supreme Court and this court have recognized that the requirements of the condemnation act override *all* provisions of the [CPA] in conflict with the condemnation act's special purposes." (Emphasis in original.) *Dept. of Transp. v. Defoor*, 173 Ga. App. 218, 219 (325 SE2d 863) (1984) (physical precedent only). Thus, the issue becomes whether Rule 4 (h) conflicts with the special statutory provisions contained in OCGA § 32-3-14.

Neither OCGA § 32-3-8 nor § 32-3-14 contain any express language regarding proof of, or return of, service. However, OCGA § 32-3-14 clearly states that an owner has the right to file a notice of appeal, contesting the amount of compensation, but "not later than 30 days following the *date* of the service. . . ." (Emphasis supplied.)

4

Accordingly, "[t]he time for filing the notice of appeal begins to run from the date of personal service." (Citations omitted.) *Dept. of Transp. v. Morris*, 186 Ga. App. 673, 674 (368 SE2d 155) (1988). And "[t]he right to appeal to a jury from a declaration of taking has been held to be absolutely conditional upon the filing of a timely notice of appeal in the superior court." (Citations and punctuation omitted.) *Chambers v. Dept. of Transp.*, 172 Ga. App. 197 (1) (322 SE2d 366) (1984). See also *Lil Champ Food Stores, Inc. v. Dept. of Transp.*, 230 Ga. App. 715, 716 (1) (498 SE2d 94) (1998). This Court has previously held that "[g]ranting extensions of time as permitted under certain circumstances by the [CPA] does not apply to periods of time which are definitely fixed by other statutes." (Citations omitted.) *McClure v. Dept. of Transp.*, 140 Ga. App. 564 (1) (231 SE2d 532) (1976).

The Brydes contend that Rule 4 (h) would not extend the 30-day response period, but merely *toll* it. But following the Brydes' line of reasoning would nevertheless allow an owner to file a notice of appeal later than 30 days from the date of personal service, which directly contradicts OCGA § 32-3-14. We therefore find that Rule 4 (h) conflicts with the special statutory provision found in OCGA § 32-3-14 and thus does not apply in condemnation proceedings such as the one at hand. We

5

are especially persuaded that this result is correct given the following language found

in OCGA § 32-3-10 (a):

> The proceeding described in this article being in rem, no provision in
> Code Sections 32-3-8 and 32-3-9 as to service shall be so construed as
> to invalidate the intent of the condemnor or as to delay the taking of the
> property or interest described in the declaration of taking and in the
> petition or in any manner as to delay the progress of the work for which
> the taking was made; and a substantial compliance with the provisions
> for service as heretofore set out in this article shall be deemed sufficient.

Accordingly, the trial court did not err in dismissing the Brydes' notice of appeal as

untimely.[2] See *Chambers*, 172 Ga. App. at 197 (1) (affirming dismissal of notice of

appeal filed 37 days after the appellant was personally served under OCGA § 32-3-8).

---

[2] The Brydes were served with a citation which informed them of their right to file a notice of appeal if dissatisfied with the amount of compensation "not later than thirty (30) days following the date of service as provided for in OCGA §§ 32-3-8 through 32-3-20. . . ." However, the Brydes were also served with a traditional summons which provided that "[a]n answer to the complaint . . . served upon you" must be filed "within 30 days after service of this summons upon you . . . unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed." We note the conflicting information provided to the Brydes, but no argument was made in this regard.

2. In their remaining enumeration of error, the Brydes assert that the trial court erred in also dismissing their answer, which contained affirmative defenses separate and apart from the issue of adequate compensation. We again disagree.

Pursuant to OCGA § 32-3-11, the trial court has "the authority to set aside, vacate, and annul the declaration of taking, together with any title acquired thereby," upon a showing of fraud or bad faith, the improper use of powers granted in the condemnation act, the abuse or misuse of those powers, or that the condemnation act has been invoked in some respect beyond the privileges conferred. OCGA § 32-3-11 (a), (b). See *Brooks v. Dept. of Transp.*, 254 Ga. 60, 62 (2) (327 SE2d 175) (1985); *Pye v. State Highway Dept.*, 226 Ga. 389, 397-398 (2) (175 SE2d 510) (1970) (property owner in a condemnation action not restricted to contesting just and adequate compensation, but may assert available defenses in the condemnation proceeding in the method provided by OCGA § 32-3-11's predecessor statute). However, "[i]f the condemnee desires to raise such questions . . . the same shall be done by proper pleadings . . . filed in the same proceedings not later than 30 days subsequent to the date of service upon the condemnee of the declaration of taking." OCGA § 32-3-11 (c). It follows that the Brydes' answer, filed 38 days from the date of personal service upon them, was untimely. For the same reasons discussed in

Division 1, the starting date of the 30-day response period was not tolled by the City's filing of its return of service affidavits more than 5 days after the date of service. Accordingly, the Brydes' answer was also properly dismissed.

*Judgment affirmed. Barnes, P. J., and Mercier, J., concur*.