**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 13, 2020**

# In the Court of Appeals of Georgia

A19A1905. DEPARTMENT OF TRANSPORTATION v. SZENCZI et al.

DOYLE, Presiding Judge.

After a jury trial regarding the amount of just compensation in a condemnation proceeding affecting property owned by Lajos Szenczi,[1] the Georgia Department of Transportation ("DOT") instituted this appeal. Although Szenczi failed to file a timely notice of appeal from the petition for condemnation and declaration of taking, the trial court granted his motion to set aside[2] the final order and judgment and allowed a jury trial as to the amount of just compensation. In its appeal, DOT argues

---

[1] A suggestion of death for Szenczi was filed on January 3, 2017, and his estate was substituted as a party on July 10, 2017.

[2] DOT claimed at oral argument and in its appellate brief that it requested of the trial court a certificate of immediate review of this ruling, but no record evidence supports this contention.

that the trial court erred by setting aside the final order on the basis that OCGA § 32-3-8 (b) required DOT to effectuate service of process on the probate court or guardian because Szenczi was disabled for purposes of that statute. For the reasons that follow, we reverse.

"A trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) (3) is reviewed for an abuse of discretion."[3] This Court affirms a trial court's determination of insufficient service of process "[a]bsent a showing of an abuse of discretion. . . . The trial court as factfinder must decide whether the evidence overcomes the facts reflected in a return of service, and we will uphold that finding if it is supported by any evidence."[4]

On December 9, 2013, DOT filed a petition for condemnation of real property for .674 acres of property, including that of Szenczi, and paid $30,150 as its estimate of just and adequate compensation into the registry of the trial court. According to a

---

[3] *Nadel v. Branch Banking &c.*, 340 Ga. App. 213, 215 (797 SE2d 140) (2017).

[4] (Citations and punctuation omitted). *Space Coast Credit Union v. Groce*, 337 Ga. App. 24, 25 (785 SE2d 663) (2016) (reviewing sufficiency of process based on mental incompetency under OCGA § 9-11-4 in a case in which service papers were placed by the bed of a defendant in a nursing home "in his late 60s or early 70s, . . . [who was] sleeping in his bed[,] in and out of consciousness[,] and . . . unable to take the papers").

2

sheriff's return of service, a deputy sheriff personally served the petition on Szenczi on December 16, 2013,[5] and on April 21, 2014, the superior court entered a final order and judgment, finding that no condemnee appealed the amount of just and adequate compensation within the 30-day period.

On April 23, 2014, an attorney representing Szenczi filed a notice of appeal of the petition and amount of just compensation, requesting a jury trial as to the value of the property. On May 22, 2014, Attila Szenczi ("the son"), purporting to be "attorney-in-fact for Lajos Szenczi" and represented by the same attorney as Szenczi, also filed a notice of appeal from the petition, challenging the amount of just compensation. Months later, on September 5, 2014, Szenczi filed a motion to set aside the final order and judgment under OCGA § 9-11-60 (d), arguing that DOT was aware that Szenczi was represented by the son during DOT's pre-petition negotiations surrounding the condemnation, and arguing that DOT was aware that Szenczi was extremely sick. Szenczi argued that DOT should have served the son or the attorney in addition to himself.

---

[5] The sheriff's return of service is date stamped by the court February 7, 2014, and the second line of the address for the party to be served contains "Jackson, GA 30233," which was scratched through and "Covington" written under the original address.

In the motion to set aside, Szenczi argued that DOT acted fraudulently by (1) personally serving Szenczi, and (2) failing to serve or notify either the son or the attorney representing him in negotiations. Szenczi argued that DOT was actually aware he was "an ailing man unable to manage his own affairs" and had received correspondence to this effect from both the son and the attorney approximately six months prior to serving the petition; attached to the motion were (1) the correspondence between DOT, the son, and the attorney; (2) an affidavit from the son stating that Szenczi "had periods [when] he [was] not cognizant of his surroundings or capable of handling his own affairs"; and (3) a copy of the son's power of attorney for Szenczi. DOT responded, contending that the sheriff personally served Szenczi as required by law, and Szenczi had not been adjudicated mentally incompetent, although he was in a wheelchair at the time of service. DOT filed an affidavit of the deputy who served Szenczi, which stated that although Szenczi answered the door using a [wheelchair], he "identified himself . . . and was able to communicate in an appropriately responsive manner. [Other than] being in a wheelchair, Mr. Sczenzi did not appear to me to be laboring under any disability."

The court held an initial hearing on the matter, the transcript of which does not appear in the record, and the court requested additional briefing. In response to the

4

trial court's request, Szenczi argued that DOT was aware that he was laboring under a disability but did not serve the probate judge of the county as required by OCGA § 32-3-8 (b).

On March 11, 2015, after the second hearing on the matter raised in the motions, a transcript of which again does not appear in the appellate record, the trial court granted the motion to set aside the final order and judgment. In its order, the trial court found that beginning on or about July 10, 2013, the son communicated with the DOT, telling them to deal directly with him (or his attorney) instead of Szenczi, concerning the condemnation of Szenczi's property. The court found that based on the statements of the son concerning Szenczi's health at the time and the fact that the deputy observed Szenczi in a wheelchair when he effectuated personal service, Szenczi was laboring under "any disability whatsoever" under OCGA § 32-3-8 (b) and thus, the DOT was required to have served the probate court of the county in addition to serving Szenczi personally.

The case then proceeded to a jury trial in December 2018 to determine just and adequate compensation, and the jury found in favor of Szenczi, awarding compensation of $75,000.

DOT now appeals, arguing that the trial court erred by setting aside the final order and judgment based on its finding that Szenczi was disabled and that, as a result of his status as disabled, service of process was improper.

"The right to appeal to a jury from a declaration of taking is absolutely conditional upon the filing of a timely notice of appeal in the superior court. Not even the trial court is empowered to extend the time for filing a notice of appeal."[6] And "[t]his Court has previously held that granting extensions of time as permitted under certain circumstances by the [Civil Practice Act] does not apply to periods of time which are definitely fixed by other statutes."[7]

Pretermitting whether Szenczi could have challenged the April 21, 2014 final judgment via OCGA § 9-11-60 (b) on the ground that he was not properly served under OCGA § 32-3-9 (b), in this instance, the trial court abused its discretion by granting the motion to set aside the final judgment. Szenczi appeared in the case by

---

[6] *Lil Champ Food Stores, Inc. v. Dept. of Transp.*, 230 Ga. App. 715, 716 (1) (498 SE2d 94) (1998), citing *Dept. of Transp. v. Rudeseal*, 156 Ga. App. 712, 714 (276 S.E.2d 52) (1980).

[7] (Punctuation and citations omitted.) *Byrde v. City of Atlanta*, 350 Ga. App. 129, 131 (1) (828 SE2d 122) (2019) (addressing the question whether OCGA § 9-11-4 (h) applied under the condemnation act), quoting *McClure v. Dept. of Transp.*, 140 Ga. App. 564 (1) (231 SE2d 532) (1976).

filing his notice of appeal from the petition for condemnation and declaration of taking on April 23, 2014, in which notice of appeal he challenged only the amount of just compensation and requesting a jury trial as to the value of the property. Szenczi's notice of appeal failed to plead defective service or to mention service at all.[8] "A defense of insufficiency of process or insufficiency of service of process is waived if it is neither made by motion nor included in a responsive pleading."[9] Although Szenczi raised the issue of improper service in his OCGA § 9-11-60 (b) motion filed more than three months after he filed his untimely notice of appeal, because the motion was not filed at the time he filed the notice of appeal and because he failed to plead improper service of the petition for condemnation and declaration

---

[8] See *Kinlock v. State Highway Dept.*, 127 Ga. App. 847, 848-849 (2) (195 SE2d 459) (1973) (holding that "the filing of the notice of appeal in order to contest the amount of the damages occasioned to the condemnee by the taking, without at the same time contesting the method of service, constituted a waiver of the service"); *Hap Farm, Inc. v. Heard*, 209 Ga. App. 684, 685 (1) (a) (434 SE2d 118) (1993) (explaining that entering a general appearance or doing "any act by which one consents to the jurisdiction of the court constitutes a waiver").

[9] (Punctuation omitted.) *Chambers v. Dept. of Transp.*, 172 Ga. App. 197 (2) (322 SE2d 366) (1984), quoting *Pascoe Steel Corp. v. Turner County Bd. of Ed.*, 139 Ga. App. 87, 89 (227 SE2d 887) (1976); *Bigley v. Lawrence*, 149 Ga. App. 249, 250 (253 SE2d 870) (1979). See also *Kinlock*, 127 Ga. App. at 848-849 (2).

of taking in the notice of appeal, Szenczi waived the issue of improper service, and the trial court erred by granting the motion on that issue.[10]

*Judgment reversed. Coomer and Markle, JJ., concur.*

---

[10] See *Kinlock*, 127 Ga. App. at 848-849 (2); *Hap Farm, Inc.*, 209 Ga. App. at 685 (1) (a); *Chambers*, 172 Ga. App. 197 (2).